# IN THE COURT OF APPEALS OF IOWA

No. 17-0029
Filed March 8, 2017

**IN THE INTEREST OF K.D.-C., and R.C.,**
**Minor children,**

**K.C., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman (until withdrawal) and Gretchen W. Kraemer, Assistant Attorneys General, for appellee State.

Maura C. Goaley, Council Bluffs, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

A mother appeals the termination of her parental rights to her two children. Finding the State carried its burden of proof by clear and convincing evidence, we affirm.[1]

The children, R.C., born May 2013, and K.D.-C., born November 2015, each came to the attention of the Iowa Department of Human Services (DHS) due to the mother's use of illegal substances. R.C. was removed in October 2015, after being rushed to the hospital for urgent care due to ingesting methamphetamine. While pregnant with K.D.-C., the mother tested positive for methamphetamine; K.D.-C. was removed days after her birth, upon discharge from the hospital. Both children were adjudicated in need of assistance.

After a December 22, 2016 hearing, the district court terminated the mother's parental rights under Iowa Code section 232.116(1)(b), (d), (e), (h), (i) and (*l*) (2016). The mother appeals, asserting the court lacked clear and convincing evidence to support the termination under all subsections and that she had not been offered reasonable services to reunite with her children.

When the district court terminates parental rights on more than one statutory ground, we may affirm the court's order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). On our de novo review, we affirm the termination under Iowa Code section

---

[1] The father's rights were also terminated, but he does not appeal.

232.116(1)(h).[2]  *See In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011) (establishing scope of review).

The record clearly establishes that the mother has failed in any effort to abstain from using illegal substances such that her children could be safely returned to her care.  *See* Iowa Code § 232.116(1)(h)(4).  Of the multiple drug screens offered to the mother beginning in October 2015, the mother either failed to show for the screening or tested positive for methamphetamine or amphetamine when she did appear.  As late as October 2016, the mother admitted to the DHS case worker that she was using methamphetamine—injecting intravenously—on a daily basis.

The record supports the conclusion that the State offered a host of services to the mother, but now on appeal, the mother complains those services were not adequate to assist her efforts at reunification.  Her general assertions come too late and are not preserved; it is a parent's responsibility to demand services prior to the termination hearing—or in this case prior to the appeal—if needed services are not offered.  *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).

The children are placed together in the care of their paternal grandparents and are bonded with them.  The mother's last contact with her children was in

---

[2] Paragraph (h) provides termination is warranted if:
The court finds that all of the following have occurred:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

July 2016, and in August, she informed a service provider she did not want any more visitation with the children until she had stopped using illegal substances. As of the December 7, 2016 DHS report to the court, the mother's whereabouts were unknown. After detailing the services offered, the report concluded with this summary:

> Significant safety concerns continue to exist after providing services to the [mother] for [thirteen] months. These safety concerns include [the mother's] untreated substance addiction, unstable housing, refusal to work with providers, not having consistent contact with the children, and unwillingness to participate in court ordered services.

In addition, at the termination hearing the DHS worker testified:

> I believe [the mother is] still using illegal substances. [She has] not followed through with treatment. [She has] not followed through with testing negative or even following through with any drug screens. [She has] not been seeing the children. You know, [K.D.-C.] struggles when she sees her [mother] because [she is a] stranger to her, and during visits, she cries a lot because she doesn't know who [the mother is]. R.C. struggles after visits because [the mother isn't] around a lot and—which causes behaviors after he sees [her].

We agree with the district court's detailed findings and affirm the termination of the mother's parental rights.[3]

**AFFIRMED.**

---

[3] Although not raised as an issue on appeal, the district court also found termination was in the children's best interests. *See* Iowa Code § 232.116(2). We affirm that finding. In addition, we conclude there are no impediments to termination. *See id.* § 232.116(3).